UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOX BROADCASTING COMPANY and FOX NETWORKS GROUP, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PERSONAL AUDIO, LLC, <br><br> Defendant | Civ. A. No. <br><br> **JURY TRIAL DEMANDED** |

**FOX BROADCASTING COMPANY'S AND FOX NETWORKS GROUP, INC.'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Fox Broadcasting Company ("Fox Broadcasting") and Fox Networks Group, Inc., ("FNG") (collectively "Fox"), by and through their undersigned counsel, file this Complaint for a declaratory judgment against Defendant, Personal Audio, LLC ("Personal Audio"), and alleges as follows:

## NATURE OF ACTION

1. This is an action for a declaratory judgment that Fox does not infringe any valid claim of United States Patent No. 8,112,504 ("the '504 Patent"), and for a declaratory judgment that the claims of the '504 Patent are invalid.

2. A true and correct copy of the '504 Patent is attached hereto as Exhibit 1.

## THE PARTIES

3. Plaintiff, Fox Broadcasting, is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 10201 West Pico Boulevard, Los Angeles, California 90035.

4. Plaintiff, FNG, is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 10201 West Pico Boulevard, Los Angeles, California 90035. Fox Broadcasting Company is a direct subsidiary of Fox Networks Group, Inc.

5. On information and belief, Personal Audio, is a Texas limited liability company.

6. On information and belief, Personal Audio maintains mailbox number 180 located at 3827 Phelan Blvd., Beaumont, Texas 77707.

7. On information and belief, the '504 Patent was assigned to Personal Audio from James D. Logan and Kerry M. Logan Family Trust on May 19, 2009.

8. On information and belief, a branch of PostNet International Franchise Corporation, store number TX154, is located at 3827 Phelan Blvd., Beaumont, Texas 77707, where it provides mail drop services for Personal Audio.

9. On information and belief, Personal Audio maintains an office at 340 North Sam Houston Parkway East, 160D, Houston, Texas 77060, where its general counsel, Bradley Liddle, works.

10. On information and belief, Personal Audio's vice president of licensing, Richard A. Baker, Jr., is the principal of New England Intellectual Property, LLC, which is located at 291 Main Street, West Newbury, Massachusetts 01985.

11. On information and belief, Richard A. Baker, Jr. works for Personal Audio from a location in Massachusetts, and while in Massachusetts has taken steps to enforce Personal Audio's patents by *inter alia*, conducting licensing discussions.

12. On information and belief, the founder of Personal Audio and first named inventor of the '504 Patent, James D. Logan, resides in Candia, New Hampshire, and has substantial contacts with this District.

13. On information and belief, Mr. Logan incorporated Internet Angles, Inc. under the laws of Delaware, and Internet Angles, Inc. was registered as a foreign corporation in Massachusetts with its principal office located at 13 Branch St., Methuen, Massachusetts 01844. On January 13, 1997, Internet Angles, Inc.'s name was changed to Personal Audio, Inc.

14. On information and belief, Mr. Logan founded MicroTouch Systems, Inc. in Massachusetts, with its headquarters in Methuen, Massachusetts.

15. On information and belief, Mr. Logan organized Gotuit Audio, Inc. in Delaware in 1999, with its principal place of business in Massachusetts.

16. On information and belief, in 1996 Mr. Logan organized Windham Development, Inc. in Massachusetts.

17. On information and belief, Daniel F. Goessling, a named inventor of the '504 Patent, resides in Arlington, Massachusetts.

## JURISDICTION AND VENUE

18. This action arises under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et. seq.), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents).

20. This Court has personal jurisdiction over Personal Audio because it has sufficient contacts with Massachusetts so as to make personal jurisdiction proper in this Court. Personal Audio conducts or solicits business within this district at least through its senior managers Mr. Baker and Mr. Logan.

21. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## THE PRESENCE OF AN ACTUAL CONTROVERSY

22. Mr. Liddle sent a letter dated June 26, 2013, to Gaude Lydia Paez, vice president of Fox Broadcasting Company.

23. The June 26 letter stated:

> Personal Audio is the owner of a fundamental patent involving the distribution of online episodic content. We are actively licensing these patents and invite Fox Broadcasting to join our growing list of licensees.

24. The June 26 letter also stated:

> Fox may wish to have its patent counsel examine Personal Audio's U.S. Patent No. 8,112,504 (the '504 patent), in particular claims 31-32, to determine whether a non-exclusive license is needed under the patent for the serialized TV episodes available through www.Fox.com/full-episodes/, for example "Masterchef" available at http://www.fox.com/masterchef/full-episodes/.

25. The June 26 letter also stated:

> The '504 patent covers important technology related to automatically identifying and retrieving media files representing episodes in a series as those episodes became available. Other patents in this patent family were successfully asserted against Apple in a jury trial in 2011 and have also successfully gone through re-exam. A list of the major companies licensing these patents is shown on our website, www.personalaudio.net, and additional licenses were executed under non-disclosure agreements.
>
> We invite Fox Broadcasting to take a license to this patent. Please let me know if you would be willing to discuss this matter directly with Personal Audio. We are looking forward to friendly negotiations between our organizations.

26. On July 23, 2013, Ms. Georgann Grunebach of Fox and Mr. Liddle conferred by telephone to discuss Mr. Liddle's letter. Mr. Liddle indicated during that call that Personal Audio wanted to schedule a meeting with Fox at which to discuss a proposal for Fox to license the '504 patent. During that call, Mr. Liddle also specifically mentioned that Personal Audio was currently in litigation, having filed five suits in Texas, and offered to send Ms. Grunebach the case numbers. Two of those five suits have been brought against other television networks.

27. Upon information and belief, Personal Audio is solely a licensing company, and does nothing other than sue or threaten to sue companies for infringement of its patents.

28. On January 7, 2013, Personal Audio filed lawsuits against three companies, alleging infringement of the '504 Patent. Those cases are styled *Personal Audio, LLC v. Togi Entertainment, Inc.*, No. 2:13-cv-00013-JRG-RSP, *Personal Audio, LLC v. Ace Broadcasting Network, LLC*, No. 2:13-cv-00014-JRG-RSP, and *Personal Audio, LLC v. Howstuffworks.com*, No. 2:13-cv-00015, and are pending in the Eastern District of Texas, Marshall Division.

29. On April 11, 2013, Personal Audio filed lawsuits against two additional companies, alleging infringement of the '504 Patent. Those cases are styled *Personal Audio, LLC v. CBS Corporation*, No. 2:13-cv-00270-JRG-RSP and *Personal Audio, LLC v. NBCUniversal Media, LLC*, No. 2:13-cv-00271-JRG-RSP, and are pending in the Eastern District of Texas, Marshall Division. On June 10, 2013, Personal Audio filed Amended Complaints in those actions. Those Amended Complaints assert that the '504 patent is infringed by, *inter alia*, the provision of episodic video of TV shows.

30. By virtue of Personal Audio's actions and statements, there is a substantial controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

31. Fox denies that it infringes any valid claim of the '504 Patent. Fox now seeks a declaratory judgment that it does not infringe any valid claim of the '504 patent.

32. Fox also seeks a declaratory judgment that one or more of the claims of the '504 Patent are invalid for at least the reason that the claims of the '504 Patent are anticipated by prior art, including but not limited to, the prior public use and the prior invention of an apparatus for disseminating via the Internet episodes of a computer radio talk show known as Internet Talk Radio. *See* http:///en.wikipedia.org/wiki/history_of_podcasting ("In 1993, the early days of Internet radio Carl Malamud launched Internet Talk Radio which was the 'first computer-radio talk show, each week interviewing a computer expert.' It was distributed 'as audio files that computer users fetch one by one.'").

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '504 PATENT

33. The allegations of paragraphs 1-32 are incorporated by reference as if fully set forth herein.

34. Fox's websites, including its provision of TV episodes through http://www.fox.com/full-episodes, do not infringe any valid claim of the '504 Patent, including but not limited to claims 31-32 identified by Personal Audio in its letter of June 26, 2013.

35. Fox has not contributed to and is not contributing to infringement of any claims of the '504 Patent, including but not limited to claims 31-32, by others.

36. Fox has not induced and is not inducing infringement of any claims of the '504 Patent, including but not limited to claims 31-32.

37. An actual controversy exists between Fox and Personal Audio as to whether or not Fox has infringed, or is infringing, the '504 Patent, has contributed to infringement or is

contributing to infringement of the '504 Patent, and has induced infringement or is inducing infringement of the '504 Patent.

38. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Fox is entitled to a declaration, in the form of a judgment, that by its activities Fox has not infringed and is not infringing any valid and enforceable claim of the '504 Patent, has not contributed to infringement and is not contributing to infringement of the '504 Patent, and/or has not induced infringement and is not inducing infringement of the '504 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '504 PATENT

39. The allegations of paragraphs 1-38 are incorporated by reference as if fully set forth herein.

40. Based on the above-stated conduct, Fox is informed and believes that Personal Audio contends that Fox infringes one or more claims of the '504 Patent.

41. Fox denies that it infringes any valid and enforceable claim of the '504 Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

42. The claims of the '504 patent, including at least claims 31 and 32, are invalid under 35 U.S.C. § 102 based on the prior art as of the applicable priority date, including but not limited to the public use of, and prior invention of, an apparatus for disseminating via the Internet episodes of a computer-radio talk show known as Internet Talk Radio.

43. The claims of the '504 patent, including at least claims 31 and 32, are invalid under 35 U.S.C. § 103 based on the prior art as of the applicable priority date, including but not limited to the public use of, and prior invention of, an apparatus for disseminating via the Internet episodes of a computer-radio talk show known as Internet Talk Radio.

44. The claims of the '504 patent, including at least claims 31 and 32, are invalid under 35 U.S.C. § 101 for lack of patentable subject matter based on the abstract nature of the claimed invention.

45. The claims of the '504 patent, including at least claims 31 and 32, are invalid under 35 U.S.C. § 112 for failure to meet the requirements for patent specifications, including but not limited to the failure to contain an adequate written description of the invention and /or a failure to particularly point out and distinctly claim the subject matter which the applicant regards as his invention.

46. Accordingly, an actual controversy exists between Fox and Personal Audio as to the validity of the '504 Patent. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Fox is entitled to a declaration, in the form of a judgment, that the '504 Patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that:

A. The Court declare that Fox's websites do not infringe any valid claim of the '504 Patent;

B. The Court declare that the claims of the '504 Patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

C. Fox be awarded its costs in this action; and

D. Fox be awarded such other and further relieve as this Court deems is just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Federal Rules of Civil Procedure 38, Fox hereby respectfully demands a trial by jury of all issues and claims so triable.

Respectfully submitted,

FOX BROADCASTING COMPANY and
FOX NETWORKS GROUP, INC.

By their attorneys:

/s/ Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
Peter C. Obersheimer (BBO No. 680187)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tjf@murphyking.com

Dated: July 26, 2013

Of counsel:

Steven Lieberman
Sharon L. Davis
Brian S. Rosenbloom
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040
653794