UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FOX BROADCASTING COMPANY and
FOX NETWORKS GROUP, INC.,

        Plaintiffs,

vs.

PERSONAL AUDIO LLC,

        Defendant

Civ. A. No. 1:13-cv-11794-MLW

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to the Notice of Scheduling Conference, Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 16.1 and 16.6, Fox Broadcasting Company ("Fox") and Personal Audio, LLC ("Personal Audio") submit this Joint Statement.  The parties have conferred pursuant to Local Rule 16.1(B).

### I.  Scheduling Conference Agenda

The parties propose that the Court address the case schedule at the scheduling conference on January 23, 2014.  The parties are also prepared to address the pending motions (Fox's motion to enjoin and Personal Audio's motion to dismiss).

### II.  Joint Discovery Plan

Unless otherwise noted, all items incorporate by reference the descriptions and limitations in Appendix E to the Local Rule 16.6 Supplement, Sample Scheduling Order for Patent Infringement Cases.

**A.  Initial Disclosures.**  By January 27, 2014, the parties will exchange the information required by Fed. Rule Civ. P. 26(a)(1).

**B.  Amendments to Pleadings**.  The last date for the parties to amend the pleadings is 60 days before the close of fact discovery.

**C.  Preliminary Infringement and Validity Disclosures**

1.      Personal Audio shall provide its preliminary infringement disclosures by January 27, 2014.

2.      Fox shall provide its preliminary invalidity and non-infringement disclosures by March 26, 2014.

**D.  Claim Construction Proceedings**

1.      The parties shall simultaneously exchange a list of claim terms to be construed and proposed constructions no later than March 26, 2014.

2.      The parties shall simultaneously exchange and file preliminary claim construction briefs no later than April 15, 2014.

3.      The parties shall simultaneously exchange reply briefs no later than April 29, 2014.

4.      The parties shall finalize the list of disputed terms for the court to construe no later than May 14, 2014.  The parties shall prepare and file a joint claim construction and prehearing statement that identifies both agreed and disputed terms no later than May 14, 2014.

**E.      The *Markman* Hearing.** The parties agree to meet and confer regarding whether there will be a need to present tutorials to the Court on the relevant technology, the form and scope of any such tutorials, and the timing of any such tutorials.

**F.      Amendments to the Preliminary Infringement/Non-Infringement and Invalidity Disclosures**.  Amendments to preliminary infringement/non-infringement/invalidity disclosures must be made within 30 days after the Court's ruling on the claim construction.

**G. Close of Fact Discovery**.  Fact discovery closes 60 days following the Court's ruling on claim construction.

**H. Expert Discovery.**

The parties propose that expert discovery be phased as follows:

1.      Parties shall disclose the name, address, and curriculum vita of all expert witnesses and exchange all reports from experts opining on issues as to which they bear the burden of proof no later than 30 days after the completion of fact discovery.

2.      Opposing reports served 30 days after service of opening reports.

3.      Reply reports served 30 days after service of opposing reports.

4.      Depositions of experts to be taken within 60 days of service of reply reports.

**I. Discovery Phases and Limits.**

1.      <u>Interrogatories.</u>  Each party may serve a maximum of twenty-five (25) interrogatories to any other party.

2.      <u>Requests for Admission</u>.  Maximum of fifty (50) requests for admission by each party to any other party.

3.      <u>Depositions</u>.  Maximum of ten (10) fact witness depositions, including 30(b)(6) depositions, by each side.  Depositions shall be limited to a single seven (7)-hour day of testimony time, unless otherwise agreed by the parties or ordered by the Court upon a showing that the witness is likely to have additional information that is relevant to a claim or defense of any party.  Each (7) hours of 30(b)(6) will be counted as a fact witness deposition for purposes of this paragraph.

4.      <u>Deadline for Responsive Materials</u>.  Regardless of the manner of service, the parties agree that the deadline for filing or serving any responsible materials (including discovery responses) under the Federal Rules of Civil Procedure shall be enlarged by three (3) days.

**J.  Protective Order**.  The parties will promptly submit a proposed protective order.

**K.  Electronically Stored Information**.  The parties propose the following guidelines and limitations regarding the discovery of electronically stored information ("ESI"). As a general matter, the parties agree ESI in the form of metadata will not be sought and need not be produced absent a good cause showing by the requesting party. Subject to the foregoing:

1.      To the extent a party requests the disclosure or production of ESI that is not reasonably available/accessible to the other party, the parties will work together in good faith to balance the need for the requested information against any undue burden or cost in an effort to avoid Court intervention.

2.      The parties can exchange responsive and discoverable ESI in TIFF format, PDF format, or in Native format. The parties agree that production of ESI in TIFF or PDF format is "reasonably useable" under Rule 34(b).

3.      Under Rule 26(b)(5)(B), the inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege or work product doctrine immunity, provided that the producing party promptly notifies the receiving party of the inadvertent production. Upon notification, the receiving party shall retrieve and return any such material, and the receiving party's counsel shall not use such information for any purpose until further order of the Court. Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall be treated strictly confidential and shall not be

used for any purpose unless as agreed upon by the parties or as directed by the Court. The producing party must also preserve the information until any dispute regarding the ESI or document is resolved.

4.     In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form in which ESI is produced may be further limited or modified by agreement by the parties.

5.     The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense.

**L.     Service.**  The parties agree that service of all pleadings and other papers identified in Rule 5(a) of the Fed. R. Civ. Pro. may be served by email delivery.  Such an agreement does not have the effect of converting service by email into service by hand for the purposes of deadline calculations.

**M.     Agreement Concerning Privileged Documents**.  The parties agree to meet and confer regarding a mutually agreed date for the exchange of privilege logs.

**III. Settlement**

Personal Audio has provided Fox with a written settlement offer.  Counsel for Fox shall have conferred with their clients regarding the settlement offer before the scheduling conference and will be prepared to respond to the proposal at or before the scheduling conference.

**IV. Motions**

**A.  Discovery Motions.**

All discovery motions shall be filed within a reasonably prompt time after a discovery impasse takes place and no later than 15 days after the close of discovery.

**B.  Dispositive Motions.**

All potentially dispositive motions shall be filed no later than 30 days after the close of expert discovery.

## V.  **Trial by Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge.

## VI. **Certifications**

Respective counsel for each party will file the certifications required by Local Rule 16.1(d)(3).

Respectfully submitted,

FOX BROADCASTING COMPANY and
FOX NETWORKS GROUP, INC.,

PERSONAL AUDIO, LLC

By their attorneys:

By its attorneys:

/s/ Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
Peter C. Obersheimer (BBO No. 680187)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
 (617) 423-0400
tjf@murphyking.com

/s/ Scott McConchie
Scott McConchie (BBO No. 634127)
William M. Dunham (BBO No. 672950)
SHERIN & LODGEN LLP
101 Federal St.
Boston, Mass. 02110
(617) 646-2000
smcconchie@sherin.com

Steven Lieberman (pro hac vice)
Sharon L. Davis  (pro hac vice)
Brian S. Rosenbloom  (pro hac vice)
Jennifer B. Maisel (pro hac vice)
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040

Dated:  January 16, 2014

## CERTIFICATE OF SERVICE

I certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the NEF and that paper copies will be sent to those indicated as non-registered participants on January 16, 2014.

/s/ Theodore J. Folkman

663368