UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FOX BROADCASTING COMPANY and
FOX NETWORKS GROUP, INC.

        Plaintiff,

vs.

PERSONAL AUDIO LLC,

        Defendant

Civ. A. No. 1:13-cv-11794-MLW

**MEMORANDUM IN SUPPORT OF
MOTION OF PLAINTIFFS FOX BROADCASTING COMPANY
AND FOX NETWORKS GROUP, INC. TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs Fox Broadcasting Company and Fox Networks Group, Inc. ("Fox") move to alter or amend the judgment entered in this matter dismissing the case for lack of personal jurisdiction.

As this Court is aware, personal jurisdiction is proper in a district court as long as: (1) the Defendant is within the scope of the state statutory provisions governing jurisdiction; and (2) the assertion of jurisdiction pursuant to the applicable state statutory provisions is consistent with constitutional principles. *See, e.g.*, *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). Personal jurisdiction may be established based on either general jurisdiction over the defendant, without regard to whether the cause of action is related to actions tied to the forum state, or on specific jurisdiction over the defendant, based on the relationship between the stated cause of action and actions tied to the forum state. *See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2849 (2011).

In this case, Personal Audio moved to dismiss for lack of personal jurisdiction based on three grounds.  With respect to specific personal jurisdiction, Personal Audio argued that it was not subject to the specific personal jurisdiction of this Court for two reasons:  (1) Fox's cause of action did not meet the standards of the Massachusetts long arm statute G.L. c. 223A, § 3, for specific jurisdiction over an action "arising from" transacting business in the state, *see* Dkt. No. 21 at 4-5; and (2) asserting of specific jurisdiction over Personal Audio in this case would violate constitutional due process, *see id*. at 7-9.  With respect to general jurisdiction, Personal Audio argued only that the assertion of general jurisdiction over it would violate constitutional due process, *see id*. at 3-4.  In contrast to the arguments it made with respect to specific jurisdiction, Personal Audio did <u>not</u> challenge the application of the Massachusetts statute governing general jurisdiction as a basis for this Court asserting personal jurisdiction over it.  *Id.*

At the March 4, 2014 hearing on this matter, this Court, *sua sponte*, raised the question of whether the assertion of general jurisdiction over Personal Audio met the requirements of the Massachusetts statutes governing jurisdiction.  *See* Dkt. No. 60, Tr. at 12.  In response to that issue being raised for the first time at the hearing, Fox immediately pointed out that pursuant to the applicable Massachusetts statute general jurisdiction does not require a showing that the cause of action arises from actions in Massachusetts and instead applies to any business with its principal place of business in Massachusetts.  *See* Dkt. No. 60, Tr. at 33-34; G.L. c. 223A, § 2. Fox also noted that Personal Audio had not made such an argument in support of its motion and that the issue therefore had not been addressed in the briefs. *Id*. at 33.

This Court held that because Fox had not mentioned G.L. c. 223A, § 2 as a basis for jurisdiction before the issue was first raised at the March 4 hearing, its argument made at the hearing that "Personal Audio has its principal place of business here, so that jurisdiction could be

asserted" was belatedly made.  *Id*. at 64.  Based on its view that Fox should have and did not

present that argument in its briefing, this Court held that Fox had waived its opportunity to argue

that Personal Audio had met the statutory "first prong" of the jurisdictional analysis with respect

to general jurisdiction and, as a result, that the case must be dismissed.  *Id*.

This Court's holding that Fox had waived its opportunity to demonstrate that Personal

Audio meets the statutory requirements for general jurisdiction under Massachusetts law because

it had not addressed an argument that had never been asserted as a grounds for dismissal is a

manifest error of law and, therefore, warrants an alteration of the judgment.  On the merits, the

evidence presented in the briefing establishes a *prima facie* case that Personal Audio's principal

place of business is in Massachusetts and, therefore, assertion of general jurisdiction over

Personal Audio meets the requirements of the Massachusetts general jurisdiction statute.

## I.        BACKGROUND

This case was filed on June 26, 2013 as a declaratory judgment action seeking a

declaration that Fox did not infringe U.S. Patent No. 8,112,504 ("the '504 patent") -- a patent

owned by Defendant Personal Audio LLC ("Personal Audio") -- and that the '504 patent is

invalid.  (Dkt. No. 1).  In response to the Complaint, Personal Audio moved to dismiss pursuant

to Fed. R. Civ. P. 12 (b)(2) for lack of personal jurisdiction.  (Dkt. No. 20).

In its motion to dismiss and supporting memorandum, Personal Audio argued that the

case should be dismissed for three reasons: (1) that Personal Audio could not be subject to the

*general* jurisdiction of this Court because it lacked sufficient contacts with Massachusetts to

satisfy *constitutional* due process standards set forth in, *inter alia,  Goodyear Dunlop Tires*

*Operations v. Brown*, 131 S. Ct. 2846 (2011); and (2) that Personal Audio could not be subject to

*specific* personal jurisdiction under (a) the *Massachusetts long arm statute* and (2) the

*constitutional* due process standard.[1]  *See* Dkt. No. 21.  At no point during the briefing did

Personal Audio ever argue that Fox's claims should be dismissed for failure to meet the

standards of the Massachusetts statute governing general jurisdiction.[2]  Fox opposed this motion

by responding to the grounds for dismissal raised in Personal Audio's papers.  In particular, Fox

addressed the argument made by Personal Audio with respect to general jurisdiction by showing

that although Personal Audio alleged that its principal place of business was in Texas, in fact

Personal Audio was operating from Massachusetts in all practical respects and therefore

Massachusetts was its principal place of business.  Dkt. No. 23 at 13 ("Indeed, it would be fair to

say that Massachusetts served as Personal Audio's <u>actual</u> principal place of business (not the

mailbox down in Texas) when this lawsuit was filed.").  *See* also Dkt. No. 53 at 2 ("Personal

Audio conducted its licensing business – its only business – in Massachusetts").  In support

thereof, Fox submitted declarations and evidence concerning Personal Audio's business

operations.  Dkt. Nos. 24, 54.  This evidence was more than sufficient to respond to the argument

made in Personal Audio's motion to dismiss that this Court's assertion of general jurisdiction

over Personal Audio was constitutionally infirm.

On January 23, 2014, this Court held a conference in this matter.  During that conference,

the Court indicated that it was "inclined to think there's personal jurisdiction here."  Dkt. No. 60,

Tr. at 6.  At that conference, the Court set a hearing for March 4, 2014 to address the two

pending motions in the case and the parties briefly addressed Personal Audio's motion to

dismiss.  In that discussion, once again Personal Audio did not raise any issue with the assertion

of general jurisdiction under the terms of the Massachusetts statute. *See id*. Tr. at 19.  Instead, it

---

[1] Fox does not address in this motion under Rule 59 this Court's conclusion that Fox had failed to establish that its claims met the requirements for specific jurisdiction under the Massachusetts long arm statute.

[2] Presumably, Personal Audio did not make this argument because Massachusetts law expressly authorizes jurisdiction over any entity that has its principal place of business in Massachusetts as to any cause of action.  G.L. c. 223a, § 2.

argued only that it would violate the U.S. Constitution for this Court to find that there is general jurisdiction over Personal Audio. Fox addressed that argument head on and explained that general jurisdiction existed because of "the activities of Personal Audio in their primary business of licensing the Personal Audio patents, all of which is occurring in Massachusetts." *Id.*. at 20. This Court then indicated that the parties were able to file supplemental briefing on the motion to dismiss but did not have to do so. *Id.* at 23.

In response to this Court's invitation to do so, Personal Audio filed a supplemental memorandum in support its motion to dismiss. Dkt. No. 49. With respect to the issue of general jurisdiction, Personal Audio again relied only on the constitutional issue -- attaching and discussing the recent decision of the United States Supreme Court in *Daimler AG v. Bauman*, 571 U.S. __, Slip Opinion 11-965 (Jan. 14, 2014). Fox responded to Personal Audio's supplemental submission by addressing the arguments made therein, including particularly the general jurisdiction argument under the constitutional standards. Dkt. No. 53 at 2-3. In Fox's opposition brief, two full pages of argument were devoted specifically to the argument that general jurisdiction was appropriate in light of the *Daimler* case. *See id.*

During oral argument on the motion to dismiss on March 4, 2014, this Court raised for the first time an issue that Personal Audio had not raised in any of its papers, specifically, the issue of whether under Massachusetts law personal jurisdiction based on general jurisdiction must meet the "arising from" standard of section 3 of the Massachusetts long arm statute. Dkt. No. 60, Tr. at 12-13, 21-22. In response to the Court's questions, counsel for Fox immediately referred the Court to the Massachusetts general jurisdiction statute, G.L. c. 223A, § 2, which provides that there is general jurisdiction over a party when Massachusetts is that party's principal place of business. *Id*. at 33-34. In connection with citing the Massachusetts statute,

Fox's counsel noted that "the legal issue of how general jurisdiction is treated under the Massachusetts statute is not something that was really joined in the briefing." *Id*. at 33.

In granting Personal Audio's motion to dismiss, this Court did *not* determine that Fox had failed to establish a *prima facie* case that it had met the general jurisdiction standards set forth in *Goodyear* and the other cases raised by Personal Audio. *See id*. at 67. This Court instead indicated that it was not considering the argument that Personal Audio was subject to the general jurisdiction of this Court because Fox had not cited the Massachusetts general jurisdiction statute in its briefing opposing Personal Audio's motion to dismiss. *See* Tr. 64. The error in this Court's ruling is that Personal Audio did not move to dismiss on that basis and had never raised (in its briefs or at the earlier conference) the argument upon which the Court ruled.

## II.    APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion under Rule 59(e) "asks the court to modify its earlier disposition of a case because of an allegedly erroneous legal result." *Feinstein v. Moses*, 951 F.2d 16, 19 n.3 (1st Cir. 1991) (quoting *Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510, 1513 (1st Cir. 1991)). "A motion for reconsideration will be allowed if the movant shows a manifest error of law, newly discovered evidence or that the Court has made an error 'not of reasoning but apprehension.'" *Provanzano v. Parker View Farm, Inc.*, 827 F. Supp. 2d 53, 56 (D. Mass. 2011) (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81 (1st Cir. 2008)). Courts have "substantial discretion and broad authority to grant or deny a motion for reconsideration made pursuant to Fed. R. Civ. P. 59(e)." *Id*. Indeed, this Court has revised rulings on motions to dismiss in response to a Rule 59(e) motion. *See, e.g., id.* (reversing motion to dismiss based on

6

forum-selection clause in contract); *Shealey v. Federal Ins. Co.*, 946 F. Supp. 2d 193 (D. Mass. 2012) (granting motion for reconsideration in part based on issues of law).  Although the usual rule is that a party cannot raise new arguments on a Rule 59 motion, where a court raises an issue *sua sponte* that was not addressed by the parties, "[t]he customary circumstance in which a judge reviews a judgment under Rule 59(e) after both parties previously argued the points at issue does not apply." *McDermott v. Marcus*, -- F. Supp. 2d ---, 2013 WL 4539071, at *8 (D. Mass. Aug. 26, 2013) (granting Rule 59 motion even though argument had not been made in post-trial briefing because the issue had not been put into dispute until Court *sua sponte* raised issue).

## III.   ARGUMENT

As set forth herein, Personal Audio did not argue at any point in support of its motion to dismiss that Personal Audio was not within the scope of the Massachusetts statute for general jurisdiction. *See* Dkt. 21.  Instead, Personal Audio focused its motion to dismiss, and all of its briefing with respect to general jurisdiction, solely on its argument that the assertion of general jurisdiction over Personal Audio in this case would run afoul of the constitutional limitations of general jurisdiction.  *See* Dkt. Nos. 21, 49.   Because the constitutional question was the only grounds on which Personal Audio sought dismissal, the constitutional issues were the focus of Fox's briefing with respect to the general jurisdiction issue.  *See, e.g.,* Dkt. No. 23 at 10-14, Dkt. No. 53 at 2-3.

The question of whether or not Personal Audio could be subject to the general jurisdiction of this Court without running afoul of the constitutional standards was extensively briefed by Fox and Fox put forward substantial evidence in its declarations in support of its opposition to the motion demonstrating that Personal Audio was operating its business principally from Massachusetts.  *See* Dkt. 23 at 5-8; Dkt. 53 at 2-3, 5.  That briefing specifically focused on the issue of whether Texas was properly considered Personal Audio's principal place

of business as it claimed or whether Personal Audio's principal place of business in fact was more appropriately considered Massachusetts.  *See id.*

Fox respectfully requests that this Court revisit, pursuant to Fed. R. Civ. P. 59, the issue of general jurisdiction over Personal Audio in this Court.  Fox demonstrated in its submission to this Court that Personal Audio's operations in Massachusetts were more than sufficient to meet the constitutional standards.  It would constitute a manifest error of law to find grant the motion to dismiss on grounds not raised by the movant without considering the legal argument made by Fox on this issue as soon as the issue was raised *sua sponte* by the Court at oral argument.  The First Circuit has "frequently emphasized that judges are not obligated to do a party's work for him, 'searching *sua sponte* for issues that may have been lurking in the penumbra of the motions paper.'"  *Coons v. Indus. Knife Co., Inc.*, 620 F.3d 38, 44 (1st Cir. 2010) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)); *see also Nuance Comm., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1229 (Fed. Cir. 2010) (finding reversible error where district court, *sua sponte*, dismissed case for lack of personal jurisdiction due to improper service where defendant did not raise it in its motion to dismiss).  Here, where Personal Audio did not raise the issue at all in support of its motion to dismiss, it would lead to an unjust result to grant the motion on the grounds identified for the first time by the Court at oral argument without considering the statutory provision immediately cited by Fox to the Court which demonstrates that personal jurisdiction is appropriate here.[3]

---

[3] Under Massachusetts law, "[a] Court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in this Commonwealth as to any cause of action." G.L. c. 223A, § 2; *see also* 14 Mass. Practice *Summary of Basic Law* § 3.18 (4th ed.) ("A corporation organized under Massachusetts law or having its principal place of business in Massachusetts is subject to the personal jurisdiction of the Massachusetts courts.  The idea is that a corporation incorporated here or continuously carrying on business activities here to a significant extent is 'present' here, and therefore is subject to service of process here.").

If this Court determines that it should evaluate whether the Massachusetts general jurisdiction statute applies to Personal Audio in order to rule on Personal Audio's motion to dismiss – an argument never made by Personal Audio -- the record already before this Court establishes that Personal Audio falls within the scope of that statute.  The briefing and evidence before this Court addressed extensively the facts showing that Personal Audio was conducting its business from Massachusetts and treating Massachusetts as its principal place of business.  *See, e.g.,* Dkt. No. 24, Exhibits A-O, Q, R, T, U-X; Dkt. No. 54., Exhibits Y, Z.  Thus, had Personal Audio raised this issue as a grounds for dismissal, Fox would have successfully opposed that basis for dismissal based on the same evidentiary showing that it made to overcome Personal Audio's constitutional arguments.  *See* Dkt. No. 60, Tr. at 34.

## IV.   CONCLUSION

For the foregoing reasons, Fox respectfully requests that this Court alter or amend its judgment and deny Personal Audio's motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

FOX BROADCASTING COMPANY and
FOX NETWORKS GROUP, INC.
By their attorneys,

/s/ Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
Peter C. Obersheimer (BBO No. 680187)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
 (617) 423-0400
tjf@murphyking.com

Of counsel:

Steven Lieberman (pro hac vice)
Sharon L. Davis (pro hac vice)
Brian S. Rosenbloom (pro hac vice)
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040

Dated:  March 17, 2014

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on March 17, 2014.

                              /s/ Theodore J. Folkman
                              Theodore J. Folkman

660349